MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP KOPCZYNSKI (NYBN 4627741)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6471
    Facsimile: (415) 436-7027
    philip.kopczynski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 15-MJ-70564 NJV |
| Plaintiff, | DETENTION ORDER |
| v. | |
| ABEL ANTONIO ALARCON, | |
| Defendant. | |

On May 6, 2015, Abel Antonio Alarcon was charged in a criminal complaint with possession of methamphetamine and cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Because these charges carry a maximum term of imprisonment of more than ten years, the government was entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C) so that the Court could determine whether any condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

This matter came before the Court on May 15, 2015 for a detention hearing. The defendant was present, represented by attorney Christina Allbright, and assisted by Spanish language interpreter Carlos Beneman. Special Assistant United States Attorney Philip Kopczynski appeared for the government.

U.S. Pretrial Services conducted a full bail study and submitted a report recommending

detention. The government moved for detention, and the defendant opposed. The parties submitted proffers and arguments at the hearing.

The Court has reviewed the Pretrial Services report, the complaint, and the government's March 17, 2015 application for a warrant to search the defendant's residence. Section 3142(e)(3)(A) of Title 18 of the United States Code creates a presumption in this case, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. Upon consideration of the facts, proffers, and arguments made at the detention hearing, and for the reasons stated on the record, the Court makes the following findings: (1) the defendant presents a risk of flight and the government has shown by a preponderance of the evidence that no condition or combination of conditions would ensure the defendant's presence as required; and (2) by clear and convincing evidence, no condition or combination of conditions can reasonably assure the safety of other persons and the community. Accordingly, the defendant must be detained pending trial in this matter.

In deciding to detain the defendant, the Court has looked at and considered the factors set forth in 18 U.S.C § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including his physical and mental condition, family ties, employment, life and residence in the community, community ties, past conduct and criminal record, history of drug or alcohol abuse, record of appearance at court proceedings, and whether he was on conditional release of any sort at the time of the alleged offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the defendant is alleged to have possessed methamphetamine and cocaine with the intent to distribute it. The quantity of methamphetamine he allegedly possessed exposes him to a prison term of up to 20 years, and it could support a charge under 21 U.S.C. § 841(b)(1)(A), which carries a ten-year mandatory prison term. The defendant allegedly possessed a portion of the methamphetamine in question inside a diaper bag near where his girlfriend's young child was seated in his car. In addition,

DETENTION ORDER
No. 15-MJ-70564 NJV

the defendant is a citizen of Mexico and appears to have no legal right to remain in the United States. He has prior criminal convictions, including a conviction for presenting false identification, and he committed the instant offense while on state probation.

Therefore, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is remanded to the custody of the United States Marshal;

2. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant be afforded reasonable opportunity for private consultation with counsel; and

4. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Dated: May 20, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge

DETENTION ORDER
No. 15-MJ-70564 NJV